[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 17.]

OFFICE OF DISCIPLINARY COUNSEL *v*. ZAREMSKY.

[Cite as *Disciplinary Counsel v. Zaremsky*, 2001-Ohio-6978.]

*Attorneys at law—Misconduct—Six-month suspension with entire sanction stayed—Commingling client funds with personal funds—Failing to maintain complete records of all funds coming into lawyer's possession and render appropriate accounts thereof.*

(No. 01-1207—Submitted August 28, 2001—Decided December 19, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-84.

—————————

*Per Curiam.*

{¶ 1} Respondent, Michael Lee Zaremsky of Cleveland, Ohio, Attorney Registration No. 0038372, did not have a client trust account in December 1997. On December 23, 1997, when he received a check for $9,500 representing insurance settlement proceeds due his client, Margaret O'Sullivan, he deposited the funds in his business checking account and immediately wrote a check to O'Sullivan for her share of the proceeds. After taking his fee, respondent was to disburse the remainder, $3,452.60, to medical providers.

{¶ 2} Respondent did not pay O'Sullivan's medical bills until informed in July 1999 by relator, Office of Disciplinary Counsel, that Shaker Square Medical Clinic had filed a grievance against him for failure to make O'Sullivan's payment. Over the next few months, respondent paid O'Sullivan's three remaining medical bills.

{¶ 3} Relator filed a complaint on October 9, 2000, alleging that respondent's conduct violated the Code of Professional Responsibility.

Respondent answered, and the matter was referred to a panel of the Board of Commissioners on Grievances and Discipline ("board").

{¶ 4} Based on stipulations and evidence at a hearing, the panel found the facts as set forth above and concluded that respondent's deposit of his client's funds in his personal account and his failure to pay the medical bills promptly violated DR 9-102(A) (a lawyer shall not commingle funds of a client with personal funds) and 9-102(B)(3) (a lawyer shall maintain complete records of all funds coming into the lawyer's possession and render appropriate accounts thereof). The panel noted that respondent had no previous disciplinary problems, that he was suffering from depression and sleep deprivation, and that he was embarrassed by and apologetic about his failure to pay O'Sullivan's bills. The panel recommended that respondent be suspended from the practice of law for six months with the entire six months stayed.

{¶ 5} The board adopted the findings, conclusions, and recommendation of the panel.

{¶ 6} Having reviewed the record, we adopt the findings, conclusions, and recommendation of the board. Respondent is hereby suspended from the practice of law for six months with the entire six months stayed. Costs are taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Dianna M. Anelli*, Assistant Disciplinary Counsel, for relator.

*Mary L. Cibella,* for respondent.

_____